KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
BRENDAN N. CHARNEY (State Bar 293378)
  brendancharney@dwt.com
SARAH E. BURNS (State Bar 324466)
  sarahburns@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Fax: (213) 633-6899

Attorneys for Defendant
CALNEWS, Inc.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. PHILPOT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CALNEWS, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:20-cv-04824-ODW (KSx)<br><br>**FIRST AMENDED ANSWER OF DEFENDANT CALNEWS, INC. TO COMPLAINT**<br><br>Action filed: May 29, 2020 |

Defendant CALNEWS, Inc. ("CALNEWS"), answering for itself and no others, in response to the Complaint of plaintiff Larry G. Philpot ("Philpot" or "Plaintiff"), admits, denies, and alleges as follows:[1]

//

//

---

[1] All allegations are denied unless expressly admitted.

1

# I.   PRELIMINARY STATEMENT[2]

1.    Answering Paragraph 1, CALNEWS responds that this paragraph consists of argument for which no response is required.  To the extent this paragraph contains any facts that require response, CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

2.    Answering Paragraph 2, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's experience as a freelance photographer, or the creation of the Kenny Chesney and Willie Nelson photographs at issue in this lawsuit ("Photographs").  CALNEWS denies that the Photographs are "awe-inspiring" or that they "are the type" of photographs that are likely to "launch a successful photography career."  CALNEWS admits that Plaintiff offered the Photographs under a Creative Commons license, but denies that he did so to "permit members of the public to use" them, or for any other reasons suggested by the argumentive assertions in this Paragraph; instead, Plaintiff used Wikimedia and Creative Commons as a trap for the unwary, to enable him to make money through litigation and threats of litigation.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph

---

[2] CALNEWS includes the major headings from the Complaint in this Answer for ease of reference only.  The Complaint also includes sub-headings, which CALNEWS omits from this Answer because they consist solely of argument.  To the extent that any of the headings or sub-headings are deemed to contain factual allegations, CALNEWS incorporates in response thereto its responses to the allegations of related paragraphs in the Complaint, and expressly denies that it has engaged in any conduct giving rise to any cognizable claim by Plaintiff, or for which Plaintiff is entitled to damages in any amount.

alleges any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each and every remaining allegation.

3.      Answering Paragraph 3, CALNEWS admits that it posted on its website portions of the Photographs that are attached as Exhibit A and D to the Complaint, from the Wikimedia website.  CALNEWS denies that it used the Photographs "as its own," denies that it infringed Plaintiff's copyright, and denies that it "stole" Plaintiff's reputation or licensing revenue.  CALNEWS further denies that Plaintiff brought this lawsuit "to protect his rights" or to protect "his photography business"; instead, Plaintiff's "business" is litigation, using a non-profit website that is designed to enable the sharing of material freely to entrap individuals and entities into using his photographs so that he can make money through litigation and threats of litigation.  Except as expressly admitted or denied, and to the extent that anything else in this paragraph contains facts rather than argument, CALNEWS responds that he is without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

## II.     VENUE AND JURISDICTION

4.      Answering Paragraph 4, CALNEWS admits that the Complaint purports to assert a claim under the laws of the United States, that is within the subject matter jurisdiction of this Court.  Except as set forth above, CALNEWS denies, generally and specifically, each and every remaining allegation in this paragraph.

5.      Answering Paragraph 5, CALNEWS admits that the Complaint purports to assert a claim under the Copyright Act, that is within the subject matter jurisdiction of this Court.  Except as set forth above, CALNEWS denies, generally and specifically, each and every remaining allegation in this paragraph.

6.      Answering Paragraph 6, CALNEWS admits the allegations there.

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

7. Answering Paragraph 7, CALNEWS admits that it resides in this judicial district, and that venue is proper in this judicial district. To the extent this paragraph intends to allege any additional facts by citing to particular statutes, CALNEWS denies, generally and specifically, each and every remaining allegation in this paragraph.

### III.   PARTIES

8. Answering Paragraph 8, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

9. Answering Paragraph 9, CALNEWS admits that CALNEWS, Inc. is a corporation organized and existing under Nevada law, with its principal place of business in Los Angeles, California. CALNEWS further admits that Chris Jennewein, at 11400 W. Olympic Avenue, Suite 780, Los Angeles, California 90064, currently is CALNEWS' registered agent for service of process. Except as otherwise admitted or denied, CALNEWS denies, generally and specifically, each remaining allegation in this paragraph.

### IV.   FACTUAL BACKGROUND

10. Answering Paragraph 10, CALNEWS responds that this paragraph (and the subheading preceding it) consists of argument for which no response is required. To the extent this paragraph is intended to allege that the licensing or other value of "concert" photographs is categorically greater than other types of photographs, CALNEWS denies these allegations. Except as set forth above, to the extent there are any factual allegations in this paragraph, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

11.     Answering Paragraph 11, CALNEWS responds that this paragraph consists of argument for which no response is required.  To the extent this paragraph is intended to allege that the licensing or other value of "concert" photographs is categorically greater than other types of photographs, CALNEWS denies these allegations.  Except as set forth above, to the extent there are any factual allegations in this paragraph, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

12.     Answering Paragraph 12, CALNEWS responds that this paragraph consists of argument for which no response is required.  To the extent this paragraph is intended to allege that the licensing or other value of "concert" photographs is categorically greater than other types of photographs, CALNEWS denies these allegations, including the allegations that "all that there is demand for" is "a few once-in-a-lifetime shots for each star," and the allegation that "an article about Kenny Chesney… only needs one picture of Kenny Chesney—the best one." Except as set forth above, to the extent there are any factual allegations in this paragraph, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

13.     Answering Paragraph 13, CALNEWS responds that this paragraph consists of argument for which no response is required.  To the extent this paragraph is intended to allege that the licensing or other value of "concert" photographs is categorically greater than other types of photographs, CALNEWS denies these allegations.  Except as set forth above, to the extent there are any factual allegations in this paragraph, CALNEWS responds that it is without knowledge or information

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

1  sufficient to form a belief as to the truth of the allegations contained in this

2  paragraph, and on that basis denies, generally and specifically, each and every such

3  allegation.

4      14.    Answering Paragraph 14, CALNEWS responds that this paragraph

5  consists of argument for which no response is required.  To the extent anything else

6  in this paragraph is deemed to contain factual allegations, CALNEWS denies,

7  generally and specifically, each and every such allegation.

8      15.    Answering Paragraph 15 (and the subheading preceding it),

9  CALNEWS responds that this paragraph consists of argument and legal conclusions

10  for which no response is required.  To the extent this paragraph is intended to allege

11  that the licensing or other value of Plaintiff's photographs, and specifically the

12  Photographs at issue, is categorically greater than other types of photographs,

13  CALNEWS denies these allegations.  CALNEWS further denies that Plaintiff's

14  portfolio in general, or the Photographs in particular, are "highly coveted."  Except

15  as set forth above, to the extent there are any factual allegations in this paragraph,

16  CALNEWS responds that it is without knowledge or information sufficient to form

17  a belief as to the truth of the remaining allegations in this paragraph, and on that

18  basis denies, generally and specifically, each and every such allegation.

19      16.    Answering Paragraph 16, CALNEWS responds that to the extent this

20  paragraph is intended to allege that the licensing or other value of Plaintiff's

21  photographs, and specifically the Photographs at issue, is categorically greater than

22  other types of photographs, CALNEWS denies these allegations.  Except as

23  otherwise addressed, CALNEWS is without knowledge or information sufficient to

24  form a belief as to the truth of the allegations in this paragraph and on that basis

25  denies, generally and specifically, each and every such allegation.

26      17.    Answering Paragraph 17, CALNEWS responds that to the extent this

27  paragraph is intended to allege that the licensing or other value of Plaintiff's

28

photographs, and specifically the Photographs at issue, is categorically greater than other types of photographs, CALNEWS denies these allegations.  Except as otherwise addressed, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

18.     Answering Paragraph 18, CALNEWS responds that to the extent this paragraph is intended to allege that the licensing or other value of Plaintiff's photographs, and specifically the Photographs at issue, is categorically greater than other types of photographs, CALNEWS denies these allegations.  Except as expressly addressed, CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

19.     Answering Paragraph 19, CALNEWS responds that to the extent this paragraph is intended to allege that the licensing or other value of Plaintiff's photographs, and specifically the Photographs at issue, is categorically greater than other types of photographs, CALNEWS denies these allegations.  CALNEWS further denies that there is an "extensive market" or "demand" for the Photographs at issue in this lawsuit, and denies that Plaintiff has been "very successful" with respect to any actual "market" for the Photographs; instead, Plaintiff's business model appears to consist of litigation and threats of litigation, rather than any recognized "market" for the Photographs.  Except as expressly addressed, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

20.     Answering Paragraph 20, CALNEWS responds that to the extent this paragraph is intended to allege that the licensing or other value of Plaintiff's

photographs, and specifically the Photographs at issue, is categorically greater than other types of photographs, CALNEWS denies these allegations. The remainder of this paragraph consists of argument and legal conclusions for which no response is required. To the extent this paragraph is deemed to contain factual allegations, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

21.     Answering Paragraph 21, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

22.     Answering Paragraph 22, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

23.     Answering Paragraph 23, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

24.     Answering Paragraph 24, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

25.     Answering Paragraph 25, CALNEWS responds that this paragraph consists of argument for which no response is required. To the extent this paragraph is intended to allege that the licensing or other value of Plaintiff's photographs, and specifically the Photographs at issue, is categorically greater than other types of

photographs, CALNEWS denies these allegations.  To the extent this paragraph is deemed to contain other factual allegations, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies, generally and specifically, each and every such allegation.

26.    Answering Paragraph 26 (and the subheading preceding it), CALNEWS admits that Exhibit A is a copy of a photograph of Kenny Chesney.[3] Except as expressly admitted, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies, generally and specifically, those allegations.

27.    Answering Paragraph 27, CALNEWS admits that the Complaint contains a document attached as Exhibit B that purports to be a copyright registration for the Kenny Chesney Photo.  CALNEWS is without knowledge or information sufficient to form a belief as to the authenticity of Exhibit B, the accuracy of the statements contained in it, or the truth of any allegations concerning Plaintiff's ownership of the copyright in the Kenny Chesney Photo.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph contains any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each remaining fact.

28.    Answering Paragraph 28, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies, generally and specifically, each and every such allegation.

29.    Answering Paragraph 29, CALNEWS responds that it is without

---

[3] For ease of reference, CALNEWS adopts Plaintiff's use of the phrase "Kenny Chesney Photo" to refer to the photograph attached to the Complaint as Exhibit A, without adopting or admitting any of the Complaint's allegations regarding the photograph, except as otherwise expressly and specifically admitted.

knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies, generally and specifically, each and every such allegation.

30.     Answering Paragraph 30 (and the subheading preceding it), CALNEWS admits that Exhibit D to the Complaint is a photograph of Willie Nelson.[4]  Except as expressly admitted, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies, generally and specifically, those allegations.

31.     Answering Paragraph 31, CALNEWS admits that the Complaint contains a document attached as Exhibit E that purports to be a copyright registration for the Willie Nelson Photo.  CALNEWS is without knowledge or information sufficient to form a belief as to the authenticity of this document, the accuracy of the statements contained in it, or Plaintiff's claim that he owns a copyright in the Willie Nelson Photo.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph contains any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each remaining fact.

32.     Answering Paragraph 32, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies, generally and specifically, those allegations.

33.     Answering Paragraph 33, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

---

[4] For ease of reference, CALNEWS adopts Plaintiff's use of the phrase "Willie Nelson Photo" to refer to the photograph attached to the Complaint as Exhibit D, without adopting or admitting any of the Complaint's allegations regarding the photograph, except as otherwise expressly and specifically admitted.

in this paragraph, and on that basis denies, generally and specifically, those allegations.

34.     Answering Paragraph 34, CALNEWS admits that a Creative Commons license is intended to allow use of a copyrighted work; CALNEWS further alleges that the website is designed to facilitate the use of materials, without a charge being imposed on the user.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph alleges any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each remaining allegation.

35.     Answering Paragraph 35, CALNEWS admits that the Kenny Chesney Photo was posted on the Wikimedia website and offered to the public for use without charge, under the Creative Commons protocols.  CALNEWS denies that Plaintiff did so "to market his … photography practice"; instead, Plaintiff appears to have intended to entrap unwary users of Wikimedia and the Creative Commons protocol so that he could make money through litigation and threats of litigation. CALNEWS admits that the Complaint attaches a document as Exhibit G that purports to be a Creative Commons Attribution-ShareAlike 3.0 Unported Generic license.  CALNEWS is without knowledge or information sufficient to form a belief as to the authenticity of this document, or the accuracy of Plaintiff's description of it. CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

36.     Answering Paragraph 36, CALNEWS responds that this paragraph consists of argument for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of allegations contained in this paragraph, including knowledge of the authenticity of the document

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

attached as Exhibit G, on which the allegations are based, and on that basis denies, generally and specifically, each and every such allegation.

37.    Answering Paragraph 37, CALNEWS admits the Willie Nelson Photo was posted on the Wikimedia website and offered to the public for use without charge, under the Creative Commons protocols.  CALNEWS denies that Plaintiff did so "to market his … photography practice"; instead, Plaintiff appears to have intended to entrap unwary users of Wikimedia and the Creative Commons protocol so that he could make money through litigation and threats of litigation. CALNEWS admits that the Complaint attaches a document as Exhibit H that purports to be a Creative Commons Attribution 2.0 Generic license.  CALNEWS is without knowledge or information sufficient to form a belief as to the authenticity of this document, or the accuracy of Plaintiff's description of it.  CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

38.    Answering Paragraph 38, CALNEWS responds that this paragraph consists of argument for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of allegations contained in this paragraph, including knowledge of the authenticity of the document attached as Exhibit H, on which the allegations are based, and on that basis denies, generally and specifically, each and every such allegation.

39.    Answering Paragraph 39 (and the subheading preceding it), CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

40.     Answering Paragraph 40 (and the subheading preceding it), CALNEWS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies, generally and specifically, each and every such allegation.

41.     Answering Paragraph 41, CALNEWS denies that it infringed any copyright in the Kenny Chesney Photo.  CALNEWS admits that it previously published a portion of the Kenny Chesney Photo on the MyNewsLA website, at the following URLs: https://mynewsla.com/hollywood/2016/11/18/wild-willie-nelson-83-jerry-lee-lewis-81-stagecoach-tix-now/, and https://mynewsla.com/hollywood/2016/06/27/kenny-chesney-says-live-cop-was-dead-but-takes-no-grief/.  Because the pages contained in Exhibit I to the Complaint as served are too illegible to confirm the authenticity of those documents (and appear to include duplicates), CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph that it contains screenshots of those two URLs, and on that basis denies, generally and specifically, that allegation.  CALNEWS denies that the third URL referenced in this paragraph (mynewsla.com/wp-content/uploads/2016/06/Kenny-Chesney.jpg) is a publication on the MyNewsLA.com website.  Except as set forth above, CALNEWS denies, generally and specifically, each remaining allegation in this paragraph.

42.     Answering Paragraph 42, CALNEWS admits that it did not use the name "Philpot" in the URLs identified in the preceding paragraph.  Except as expressly admitted, CALNEWS denies, generally and specifically, each and every such allegation.

43.     Answering Paragraph 43, CALNEWS admits that it did not link to soundstagephotography.com in the URLs identified in paragraph 41. Except as expressly admitted, CALNEWS denies, generally and specifically, each and every allegation in this paragraph.

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

44.     Answering Paragraph 44, CALNEWS denies it infringed any copyright in the Kenny Chesney Photo.  CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the date that Plaintiff claims he "discovered" the publications identified in paragraph 41, and on that basis denies, generally and specifically, each and every such allegation.  CALNEWS denies that May 29, 2017 was the earliest date on which Plaintiff (or his lawyers, representatives, and/or agents who work with Plaintiff in furtherance of his widespread litigation practice) reasonably could have or should have discovered those publications.  To the extent this paragraph alleges any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each and every remaining allegation.

45.     Answering Paragraph 45 (and the subheading preceding it), CALNEWS denies that it infringed any copyright in the Willie Nelson Photo. CALNEWS admits that portions of the Willie Nelson Photo were published on the MyNewsLA website, at the following URLs:

https://mynewsla.com/hollywood/2018/10/13/willie-nelson-to-perform-at-autry-museums-30th-anniversary-gala-2/ and

https://mynewsla.com/hollywood/2017/03/23/willie-nelson-still-not-dead-ignore-those-health-rumors/.  Because the pages contained in Exhibit J to the Complaint as served are too illegible to confirm the authenticity of those documents, CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the allegation that it contains screenshots of the two URLs identified in this paragraph, and on that basis denies, generally and specifically, that allegation.  Except as expressly admitted or denied, CALNEWS denies, generally and specifically, each remaining allegation in this paragraph.

46.     Answering Paragraph 46, CALNEWS admits that it did not use the name "Philpot" in the URLs identified in the preceding paragraph.  Except as

expressly admitted, CALNEWS denies, generally and specifically, each and every remaining allegation in this paragraph.

47.     Answering Paragraph 47, CALNEWS admits that it did not link to soundstagephotography.com when it published the Willie Nelson Photo.  Except as expressly admitted, CALNEWS denies, generally and specifically, each and every remaining allegation in this paragraph.

48.     Answering Paragraph 48, CALNEWS denies it infringed any copyright in the Willie Nelson Photo.  CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the date that Plaintiff claims he "discovered" the publications identified in paragraph 45, and on that basis denies, generally and specifically, each and every such allegation.  CALNEWS denies that April 12, 2020 was the earliest date on which Plaintiff (or his lawyers, representatives, and/or agents who work with Plaintiff in furtherance of his widespread litigation practice) reasonably could have or should have discovered those publications.  To the extent this paragraph alleges any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each and every remaining allegation.

49.     Answering Paragraph 49 (and the subheading preceding it), CALNEWS denies, generally and specifically, each and every allegation in this paragraph.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT

### (BY PLAINTIFF AGAINST DEFENDANT)

50.     Answering Paragraph 50, CALNEWS incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth here.

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

51.     Answering Paragraph 51, CALNEWS admits that it currently operates the MyNewsLA website.  Except as expressly admitted, CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies those allegations.

52.     Answering Paragraph 52, CALNEWS admits that a portion of the Kenny Chesney Photo previously appeared on the webpages at the following URLs: https://mynewsla.com/hollywood/2016/11/18/wild-willie-nelson-83-jerry-lee-lewis-81-stagecoach-tix-now/, and https://mynewsla.com/hollywood/2016/06/27/kenny-chesney-says-live-cop-was-dead-but-takes-no-grief/.  CALNEWS denies that the third URL referenced in this paragraph (mynewsla.com/wp-content/uploads/2016/06/Kenny-Chesney.jpg) is a publication on the MyNewsLA.com website.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph alleges any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each remaining allegation.

53.     Answering Paragraph 53, CALNEWS admits that it currently operates the MyNewsLA website.  Except as expressly admitted, CALNEWS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies those allegations.

54.     Answering Paragraph 54, CALNEWS admits that a portion of the Willie Nelson Photo previously appeared on the webpages at the URLs referenced in this paragraph.  The remainder of this paragraph consists of argument and legal conclusions for which no response is required.  To the extent this paragraph contains any facts that have not otherwise been addressed, CALNEWS denies, generally and specifically, each remaining fact.

55.     Answering Paragraph 55, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the

extent this paragraph is deemed to contain factual allegations, CALNEWS denies, generally and specifically, each and every allegation in this paragraph.

56.     Answering Paragraph 56, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS denies, generally and specifically, each and every allegation in this paragraph.

57.     Answering Paragraph 57, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS denies, generally and specifically, each and every allegation in this paragraph.

58.     Answering Paragraph 58, CALNEWS denies, generally and specifically, each and every allegation in this paragraph, and further denies that Plaintiff has suffered any compensable damage of any kind, in any amount, as a consequence of CALNEWS' conduct.

59.     Answering Paragraph 59, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS denies that Plaintiff is entitled to any profits, accounting, or damages.  CALNEWS further specifically denies that it infringed any of Plaintiff's copyrights, willfully or otherwise.  Except as otherwise admitted or denied, CALNEWS denies, generally and specifically, each remaining allegation in this paragraph.

60.     Answering Paragraph 60, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS denies that Plaintiff is entitled to an award of statutory damages in any amount, or any other measure of damages.  CALNEWS further specifically denies that it infringed any of Plaintiff's copyrights, willfully or otherwise.  Except as otherwise admitted or

17

denied, CALNEWS denies generally and specifically each remaining allegation in this paragraph.

61.     Answering Paragraph 61, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS denies that Plaintiff has suffered irreparable harm or damage, or any harm or damage, as a consequence of CALNEWS' conduct, or that there is any basis for injunctive relief. CALNEWS further specifically denies that it infringed any of Plaintiff's copyrights. Except as otherwise admitted or denied, CALNEWS denies, generally and specifically, each remaining allegation in this paragraph.

62.     Answering Paragraph 62, CALNEWS responds that this paragraph consists of argument and legal conclusion for which no response is required.  To the extent this paragraph is deemed to contain factual allegations, CALNEWS denies that Plaintiff has incurred recoverable attorneys' fees and costs, and further denies that Plaintiff is entitled to recover attorneys' fees or costs.  CALNEWS further specifically denies that it infringed any of Plaintiff's copyrights.  Except as otherwise admitted or denied, CALNEWS denies, generally and specifically, each remaining allegation in this paragraph.

## SEPARATE AND ADDITIONAL DEFENSES

CALNEWS alleges the following separate and additional defenses.  By alleging these separate and additional defenses, CALNEWS is not in any way agreeing or conceding that it bears the burden of proof or persuasion on any of these issues.  These separate and additional defenses incorporate CALNEWS' responses and allegations in the preceding paragraphs, as if fully set forth here, and are based on facts currently known to CALNEWS; because the litigation is in the early stages, these defenses do not purport to state all of the facts upon which CALNEWS ultimately will rely.  CALNEWS reserves the right to supplement, amend, or modify

1   these separate and additional defenses, as appropriate, based on information obtained

2   during the course of this litigation.

3   **FIRST SEPARATE AND ADDITIONAL DEFENSE**

4   1.   Plaintiff's claims are barred, in whole or in part, by the doctrine of

5   unclean hands.  On information and belief, although Wikimedia and Creative

6   Commons are designed to enable the sharing of material freely, Plaintiff uses them

7   to entrap unwary individuals and entities into using his photographs so that he can

8   then seek exorbitant payments through litigation and threats of litigation.

9   CALNEWS is informed and believes that Plaintiff does not have a recent licensing

10   history for the Photographs, other than purported "licenses" obtained through

11   litigation and/or threats of litigation; that instead of utilizing typical licensing

12   agencies or mechanisms, he and/or his agents search the Internet for individuals or

13   entities that have obtained the Photographs through Wikimedia and Creative

14   Commons, and if there is any deviation from the "attribution" requirements

15   allegedly connected to the Photographs (and other photographs for which Plaintiff

16   claims copyright rights), they initiate litigation without making any attempt to

17   resolve the attribution discrepancies.  CALNEWS is further informed and believes

18   that courts in some of Plaintiff's other lawsuits have made findings that include (a)

19   that Plaintiff has "filed countless similar suits across the country"; (b) that in his

20   lawsuits, he has demanded exorbitant damages far in excess of any actual market

21   value of the work in suit; and (c) that he has sought to inflate his claimed damages

22   by characterizing "nuisance value settlements" extracted from other defendants as if

23   they were arms-length "licenses" for his work.  See, e.g., Philpot v. L.M. Commc'ns

24   II of S.C., Inc., No. 5:17-CV-173-CHB, 2020 WL 2513820, at *3 (E.D. Ky. May 15,

25   2020).  CALNEWS also is informed and believes that courts in some of Plaintiff's

26   other lawsuits have referred to him as a "copyright troll" whose motives are

27   "questionable at best," who "uses the courts as a blunt object with which to coerce

28

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

1   nuisance value settlements from unsuspecting parties." <u>See</u>, <u>e.g.</u>, <u>id.</u>; <u>Philpot v.</u>

2   <u>Emmis Operating Co.</u>, 1:18-CV-00816-RP, 2019 WL 2928774, at *2 (W.D. Tex.

3   July 8, 2019).  In this case, CALNEWS' use of the Photographs was from

4   Wikimedia; Plaintiff filed a lawsuit without contacting CALNEWS, directly or

5   through his counsel, to address the alleged failure to properly attribute the

6   Photographs at issue to him; when contacted by CALNEWS after the lawsuit was

7   filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to

8   resolve this matter by either removing the Photographs or correcting the attribution,

9   making clear that Plaintiff's assertion that his use of Wikimedia and Creative

10  Commons was for the purpose of obtaining "exposure" or to "market" his

11  photography business, as he alleges in his Complaint, is false.

12                  **<u>SECOND SEPARATE AND ADDITIONAL DEFENSE</u>**

13          2.      Plaintiff's claims are barred, in whole or in part, by the doctrine of

14  copyright misuse and/or abuse.  On information and belief, although Wikimedia and

15  Creative Commons are designed to enable the sharing of material freely, Plaintiff

16  uses them to entrap unwary individuals and entities into using his photographs so

17  that he can then seek exorbitant payments through litigation and threats of litigation.

18  CALNEWS is informed and believes that Plaintiff does not have a recent licensing

19  history for the Photographs, other than purported "licenses" obtained through

20  litigation and/or threats of litigation; that instead of utilizing typical licensing

21  agencies or mechanisms, he and/or his agents search the Internet for individuals or

22  entities that have obtained the Photographs through Wikimedia and Creative

23  Commons, and if there is any deviation from the "attribution" requirements

24  allegedly connected to the Photographs (and other photographs for which Plaintiff

25  claims copyright rights), they initiate litigation without making any attempt to

26  resolve the attribution discrepancies.  CALNEWS is further informed and believes

27  that courts in some of Plaintiff's other lawsuits have made findings that include (a)

28

FIRST AMENDED ANSWER TO COMPLAINT
Case No. 2:20-cv-04824-ODW (KSx)
4841-5397-5241v.12 0039101-000021

that Plaintiff has "filed countless similar suits across the country"; (b) that he demanded exorbitant damages far in excess of any actual market value of the work in suit; and (c) that he has sought to inflate his claimed damages by characterizing "nuisance value settlements" extracted from other defendants as if they were arms-length "licenses" for his work.  See, e.g., Philpot v. L.M. Commc'ns II of S.C., Inc., No. 5:17-CV-173-CHB, 2020 WL 2513820, at *3 (E.D. Ky. May 15, 2020). CALNEWS also is informed and believes that courts in some of Plaintiff's other lawsuits have referred to him as a "copyright troll" whose motives are "questionable at best," who "uses the courts as a blunt object with which to coerce nuisance value settlements from unsuspecting parties." See, e.g., id.; Philpot v. Emmis Operating Co., 1:18-CV-00816-RP, 2019 WL 2928774, at *2 (W.D. Tex. July 8, 2019).  In this case, CALNEWS' use of the Photographs was from Wikimedia; Plaintiff filed a lawsuit without contacting CALNEWS, directly or through his counsel, to address the alleged failure to properly attribute the Photographs at issue to him; when contacted by CALNEWS after the lawsuit was filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to resolve this matter by either removing the Photographs or correcting the attribution, making clear that Plaintiff's assertion that his use of Wikimedia and Creative Commons was for the purpose of obtaining "exposure" or to "market" his photography business, as he alleges in his Complaint, is false.

## **THIRD SEPARATE AND ADDITIONAL DEFENSE**

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.  Among other things, on information and belief, Plaintiff knowingly and voluntarily offered to the public the right to use the Photographs through Wikimedia and Creative Commons; he chose not to take meaningful steps to protect the right to attribution he claims was violated, including by not putting a copyright notice or

attribution on the Photographs themselves; and through his counsel, he refused to accept CALNEWS' offer to either remove the Photographs or correct the attribution.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, which bars him from claiming that CALNEWS made an unauthorized or infringing use of the Photographs.  On information and belief, although Wikimedia and Creative Commons are designed to enable the sharing of material freely, Plaintiff uses them to entrap unwary individuals and entities into using his photographs so that he can then seek exorbitant payments through litigation and threats of litigation.  CALNEWS is informed and believes that Plaintiff does not have a recent licensing history for the Photographs, other than purported "licenses" obtained through litigation and/or threats of litigation; that instead of utilizing typical licensing agencies or mechanisms, he and/or his agents search the Internet for individuals or entities that have obtained the Photographs through Wikimedia and Creative Commons, and if there is any deviation from the "attribution" requirements allegedly connected to the Photographs (and other photographs for which Plaintiff claims copyright rights), they initiate litigation without making any attempt to resolve the attribution discrepancies.  CALNEWS is further informed and believes that courts in some of Plaintiff's other lawsuits have made findings that include (a) that Plaintiff has "filed countless similar suits across the country"; (b) that he demanded exorbitant damages far in excess of any actual market value of the work in suit; and (c) that he has sought to inflate his claimed damages by characterizing "nuisance value settlements" extracted from other defendants as if they were arms-length "licenses" for his work.  See, e.g., Philpot v. L.M. Commc'ns II of S.C., Inc., No. 5:17-CV-173-CHB, 2020 WL 2513820, at *3 (E.D. Ky. May 15, 2020).  CALNEWS also is informed and believes that courts in some of Plaintiff's other lawsuits have referred to him as a "copyright troll" whose motives are

1  "questionable at best," who "uses the courts as a blunt object with which to coerce

2  nuisance value settlements from unsuspecting parties." See, e.g., id.; Philpot v.

3  Emmis Operating Co., 1:18-CV-00816-RP, 2019 WL 2928774, at *2 (W.D. Tex.

4  July 8, 2019).  In this case, CALNEWS' use of the Photographs was from

5  Wikimedia; Plaintiff filed a lawsuit without contacting CALNEWS, directly or

6  through his counsel, to address the alleged failure to properly attribute the

7  Photographs at issue to him; when contacted by CALNEWS after the lawsuit was

8  filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to

9  resolve this matter by either removing the Photographs or correcting the attribution,

10  making clear that Plaintiff's assertion that his use of Wikimedia and Creative

11  Commons was for the purpose of obtaining "exposure" or to "market" his

12  photography business, as he alleges in his Complaint, is false.

13  **FIFTH SEPARATE AND ADDITIONAL DEFENSE**

14      5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of

15  laches.  Upon information and belief, Plaintiff and/or his agents have a longstanding

16  practice of searching the Internet for individuals or entities that have published

17  Plaintiff's photographs, including the Photographs at issue here, for the purpose of

18  threatening to file or filing copyright infringement claims; this practice has included

19  searching for any publication of Plaintiff's photographs that he made available

20  through Wikimedia and Creative Commons.  Plaintiff alleges in his Complaint in

21  this case that he first published the Kenny Chesney Photo in 2013, and the Willie

22  Nelson Photo in 2011; upon information and belief, Plaintiff began offering the

23  Photographs on Wikimedia those same years.  CALNEWS is informed and believes

24  that Plaintiff also has admitted in other lawsuits that he began using software to

25  search the Internet for alleged infringements of his photographs as early as 2015.

26  E.g., Philpot v. WOS, Inc., No. 1:18-CV-339-RP, 2019 WL 1767208, at *3 (W.D.

27  Tex. Apr. 22, 2019).  On information and belief, Plaintiff brought another copyright

28

lawsuit based on the Willie Nelson Photo at least as early as 2015.  See Philpot v. Celebrity Cafe.Com, LLC, 2015 WL 5032144, at *1 (S.D. Ind. Aug. 25, 2015). CALNEWS first published the Kenny Chesney Photo in or about June 2016 and the Willie Nelson Photo in or about March 2017, on a website accessible to the public. On information and belief, Plaintiff and/or his agents knew or reasonably should have known of CALNEWS' publication of the Photographs on or near the dates when they were published on the CALNEWS website, and did not file a lawsuit concerning these publications until this lawsuit was filed in June 2020.  This delay unfairly prejudices CALNEWS, including in its ability to defend this action, and is therefore barred by the doctrine of laches.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.     Plaintiff's claims are barred, in whole or in part, because he failed to take reasonable steps to mitigate his damages, if any, and his recovery must be barred or diminished accordingly.  On information and belief, Plaintiff chose to post the Photographs on Wikimedia and Creative Commons, knowing that those websites are designed to enable the sharing of material freely.  Plaintiff and his counsel filed this lawsuit without contacting CALNEWS to address the alleged absence of proper attribution.  When contacted by CALNEWS after the lawsuit was filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to resolve this matter by either removing the Photographs or correcting the attribution.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations set forth at 17 U.S.C. § 507(b).  Plaintiff alleges in his Complaint that he first published the Kenny Chesney Photo in 2013, and the Willie Nelson Photo in 2011; upon information and belief, Plaintiff began offering the Photographs on Wikimedia those same years.  CALNEWS is informed and believes that Plaintiff also has admitted in other lawsuits that he began using software to

search the Internet for alleged infringements of his photographs as early as 2015. E.g., Philpot v. WOS, Inc., No. 1:18-CV-339-RP, 2019 WL 1767208, at *3 (W.D. Tex. Apr. 22, 2019).  On information and belief, Plaintiff brought another copyright lawsuit based on the Willie Nelson Photo at least as early as 2015.  See Philpot v. Celebrity Cafe.Com, LLC, 2015 WL 5032144, at *1 (S.D. Ind. Aug. 25, 2015). CALNEWS first published the Kenny Chesney Photo in or about June 2016 and the Willie Nelson Photo in or about March 2017, on a website accessible to the public. On information and belief, Plaintiff and/or his agents knew or reasonably should have known of CALNEWS' publication of the Photographs on or near the dates when they were published on the CALNEWS website, and did not file a lawsuit concerning these publications until this lawsuit was filed in June 2020.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.　　Plaintiff's claims are barred, in whole or in part, because his damages, if any, are vague, uncertain, imaginary, and speculative.  Plaintiff's demand for statutory damages lacks a reasonable relationship to any demonstrable market harm from, or profits attributable to, the claimed infringement.  Plaintiff admits in the Complaint that the Photographs were freely offered to the public through Wikimedia and Creative Commons; consequently, he did not lose any licensing revenue as a consequence of CALNEWS' publications.  In addition, on information and belief, Plaintiff does not have a recent licensing history for the Photographs, other than purported "licenses" obtained through litigation and/or threats of litigation.  In this case, CALNEWS' use of the Photographs was from Wikimedia; Plaintiff filed a lawsuit without contacting CALNEWS, directly or through his counsel, to address the alleged failure to properly attribute the Photographs at issue to him; when contacted by CALNEWS after the lawsuit was filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to resolve this matter by either removing the Photographs or correcting the attribution, making clear that Plaintiff's

assertion that his use of Wikimedia and Creative Commons was for the purpose of obtaining "exposure" or to "market" his photography business, as he alleges in his Complaint, is false.  On information and belief, Plaintiff has admitted in other cases that he has never been hired professionally to photograph a concert; he is paid little to no money for licensing or selling prints of his photographs to willing purchasers; and the principal way Plaintiff makes money from his photographs is by filing lawsuits or threatening to file.  See WOS, Inc., 2019 WL 1767208, at *11. Accordingly, at least one court has held, in circumstances analogous to this case, that there is "no actual or potential market for Plaintiff's photos."  Id.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, because any award of damages would unjustly enrich Plaintiff.  On information and belief, although Wikimedia and Creative Commons are designed to enable the sharing of material freely, Plaintiff uses them to entrap unwary individuals and entities into using his photographs so that he can then seek exorbitant payments through litigation and threats of litigation.  CALNEWS is informed and believes that Plaintiff does not have a recent licensing history for the Photographs, other than purported "licenses" obtained through litigation and/or threats of litigation; that instead of utilizing typical licensing agencies or mechanisms, he and/or his agents search the Internet for individuals or entities that have obtained the Photographs through Wikimedia and Creative Commons, and if there is any deviation from the "attribution" requirements allegedly connected to the Photographs (and other photographs for which Plaintiff claims copyright rights), they initiate litigation without making any attempt to resolve the attribution discrepancies.  CALNEWS is further informed and believes that courts in some of Plaintiff's other lawsuits have made findings that include (a) that Plaintiff has "filed countless similar suits across the country"; (b) that he demanded exorbitant damages far in excess of any actual market value of the

1   work in suit; and (c) that he has sought to inflate his claimed damages by
2   characterizing "nuisance value settlements" extracted from other defendants as if
3   they were arms-length "licenses" for his work.  See, e.g., Philpot v. L.M. Commc'ns
4   II of S.C., Inc., No. 5:17-CV-173-CHB, 2020 WL 2513820, at *3 (E.D. Ky. May 15,
5   2020).  CALNEWS also is informed and believes that courts in some of Plaintiff's
6   other lawsuits have referred to him as a "copyright troll" whose motives are
7   "questionable at best," who "uses the courts as a blunt object with which to coerce
8   nuisance value settlements from unsuspecting parties."  See, e.g., id.; Philpot v.
9   Emmis Operating Co., 1:18-CV-00816-RP, 2019 WL 2928774, at *2 (W.D. Tex.
10  July 8, 2019).  In this case, CALNEWS' use of the Photographs was from
11  Wikimedia; Plaintiff filed a lawsuit without contacting CALNEWS, directly or
12  through his counsel, to address the alleged failure to properly attribute the
13  Photographs at issue to him; when contacted by CALNEWS after the lawsuit was
14  filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to
15  resolve this matter by either removing the Photographs or correcting the attribution,
16  making clear that Plaintiff's assertion that his use of Wikimedia and Creative
17  Commons was for the purpose of obtaining "exposure" or to "market" his
18  photography business, as he alleges in his Complaint, is false.  On information and
19  belief, Plaintiff has admitted in other cases that he has never been hired
20  professionally to photograph a concert; he is paid little to no money for licensing or
21  selling prints of his photographs to willing purchasers; and the principal way
22  Plaintiff makes money from his photographs is by filing lawsuits or threatening to
23  file.  See WOS, Inc., 2019 WL 1767208, at *11.  Accordingly, at least one court has
24  held, in circumstances analogous to this case, that there is "no actual or potential
25  market for Plaintiff's photos."  Id.
26
27
28

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.     Plaintiff's copyright infringement claim is barred, in whole or in part, by the doctrine of fair use under 17 U.S.C. § 107.  CALNEWS' use of the Photographs was for news reporting and commentary about current events and/or controversies concerning musicians Kenny Chesney and Willie Nelson.  The purpose and character of CALNEWS' use was different from Plaintiff's alleged purpose in freely offering the Photographs through Wikimedia and Creative Commons which he alleges was to gain exposure and "market" his freelance photography practice.  The Photographs each were factual depictions of the musicians pictured in each photograph.  The Photographs had been published by Plaintiff and by other publishers prior to being posted on the CALNEWS website, and both Photographs were offered freely on Wikimedia and Creative Commons. CALNEWS used only the amount of each Photograph necessary to achieve its reporting purpose.  CALNEWS' alleged use did not cause any market harm to Plaintiff, because he offered the Photographs for free use through Wikimedia and Creative Commons.  On information and belief, Plaintiff has admitted in other cases that he has never been hired professionally to photograph a concert; he is paid little to no money for licensing or selling prints of his photographs to willing purchasers; and the principal way Plaintiff makes money from his photographs is by filing lawsuits or threatening to file.  See WOS, Inc., 2019 WL 1767208, at *11. Accordingly, at least one court has held, in circumstances analogous to this case, that there is "no actual or potential market for Plaintiff's photos."  Id.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.     To the extent that any unauthorized use of any protectable copyrighted material allegedly has occurred, which CALNEWS denies, Plaintiff's claims and/or requests for relief are barred, in whole or in part, by the doctrine of de minimis use. At least one of the alleged infringements identifies a URL that is an internal library

image that is not reasonably accessible to the public.  Both of the Photographs were offered by Plaintiff free of charge on Wikimedia and Creative Commons, and have been widely published, with and without the "attribution" that Plaintiff claims is the basis for his infringement claim here.  In this case, CALNEWS' use of the Photographs was from Wikimedia; Plaintiff filed a lawsuit without ever contacting CALNEWS, directly or through his counsel, to address the alleged failure to properly attribute the Photographs at issue to him; when contacted by CALNEWS after the lawsuit was filed, Plaintiff's counsel, acting on Plaintiff's behalf, refused CALNEWS' offer to resolve this matter by either removing the Photographs or correcting the attribution, making clear that Plaintiff's assertion that his use of Wikimedia and Creative Commons was for the purpose of obtaining "exposure" or to "market" his photography business, as he alleges in his Complaint, is false.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.     To the extent that any unauthorized use of any protectable copyrighted material allegedly has occurred (which CALNEWS denies) Plaintiff's claims are barred, in whole or in part, because such infringements were innocent.  CALNEWS reasonably believed that the Photographs were being freely offered to the public through Wikimedia and Creative Commons.  Plaintiff and his counsel filed this lawsuit without ever contacting CALNEWS; promptly upon learning of the lawsuit, CALNEWS offered to either remove the Photographs or correct the attribution.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.     Plaintiff's copyright infringement claim is barred, in whole or in part, because any use by CALNEWS of any protectable copyrighted material was authorized by valid licenses, including a Creative Commons Attribution-ShareAlike 3.0 Unported Generic license and a Creative Commons Attribution 2.0 Generic license, by which the Photographs were freely offered to the public on Wikimedia.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14. For all the reasons set forth above, which are incorporated by reference here, Plaintiff's claims are barred, in whole or in part, because CALNEWS's conduct was reasonable, legally justified, in good faith, and/or privileged and cannot give rise to any liability on its part.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15. Plaintiff's copyright infringement claim is barred, in whole or in part, due to lack of standing. Discovery in this case is ongoing, and CALNEWS has not yet had the opportunity to determine if Plaintiff is the owner of exclusive rights in the Photographs, or if rights have been transferred to licensees or others who purport to be acting on his behalf. CALNEWS also has not yet had the opportunity to engage in discovery concerning the validity of the Photographs' copyright registration. To the extent there are infirmities in Plaintiff's claimed exclusive ownership or registration of the asserted copyrights in the Photographs, Plaintiff lacks standing to assert infringement claims.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16. Plaintiff's request for injunctive relief is barred, in whole or in part, because the conduct alleged is not ongoing; the Photographs at issue have already been removed from the MyNewsLA website. There are no grounds alleged that give rise to any basis for a belief that any future publication of the Photographs, if any such publication occurs, would violate any copyright rights.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17. Plaintiff's request for injunctive relief is barred, in whole or in part, because Plaintiff has an adequate remedy at law given that Plaintiff also seeks monetary damages to remedy the alleged harm. For the same reason, Plaintiff has not suffered and will not suffer any irreparable harm or damage if an injunction does not issue. Although CALNEWS denies that Plaintiff suffered any harm or damage,

1   to the extent that any actionable harm or damage occurred, monetary damages would

2   be an adequate remedy to repair such harm or damage.

3                 **EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

4         18.     With respect to the injunctive relief sought by Plaintiff, such relief is

5   barred because it is overbroad, including (a) to the extent it seeks to enjoin

6   prospective future uses of the Photographs that have not been adjudicated as

7   infringing; (b) to the extent it purports to enjoin future uses of Plaintiff's unspecified

8   "copyrights" which have not been adjudicated as infringing; (c) to the extent the

9   requested injunction against "reproducing, distributing, displaying, performing, or

10   making derivatives" of the Photographs is not temporally limited to the term of

11   copyright protection applicable to the Photographs; (d) to the extent it purports to

12   enjoin future uses of Plaintiff's unspecified "copyrights" beyond the applicable term

13   of copyright protection; and (e) to the extent it seeks "seizure" of the Photographs,

14   which on information and belief continue to be freely offered to the public through

15   Wikimedia and Creative Commons.

16                 **NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

17        19.     With respect to the injunctive relief sought by Plaintiff, such relief is

18   barred because it would constitute a prior restraint as to future lawful uses of the

19   Photographs, and would thereby infringe CALNEWS's right to free speech under

20   the First Amendment to the United States Constitution and art. I, § 2 of the

21   Constitution of the State of California.

22                 **TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

23        20.     With respect to the injunctive relief sought by Plaintiff, such relief is

24   barred on public policy grounds because, to the extent the injunction sought would

25   bar future lawful uses of the Photographs or Plaintiff's unspecified "copyrights," it

26   would not meet the requirements for injunctive relief, and would harm CALNEWS

27   and third parties who visit the MyNewsLA website.

28

1

### <u>TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE</u>

2

21.   CALNEWS has insufficient knowledge or information upon which to

3

form a belief as to whether it may have additional, as yet unstated, separate defenses

4

available to it.  CALNEWS reserves the right to assert additional separate defenses

5

in the event discovery indicates that such defenses would be appropriate.

6

WHEREFORE, CALNEWS prays for relief as follows:

7

    i.  That Plaintiff takes nothing by this action;

8

    ii.  That judgment be entered in favor of CALNEWS and against

9

        Plaintiff;

10

    iii.  That CALNEWS recover its costs and attorneys' fees; and

11

    iv.  For such relief as the Court deems just and proper.

12

13

DATED: September 3, 2020          DAVIS WRIGHT TREMAINE LLP

14

                                    KELLI L. SAGER
BRENDAN N. CHARNEY

15

                                      SARAH E. BURNS

16

                            By:  <u>/s/ Kelli L. Sager</u>

17

                                      Kelli L. Sager

18

                            Attorneys for Defendant
CALNEWS, Inc.

19

20

21

22

23

24

25

26

27

28

32